IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT RAY LAWRENCE,<br><br>Plaintiff,<br><br>vs.<br><br>JIM SALMONSON (WARDEN),<br>TOM WOOD (ASSO. WARDEN),<br>ROXANNE WIGERT, ALVIN FODE,<br>GARY REED, and BEN SHUPERT,<br><br>Defendants. | CV 18-00076-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Robert Lawrence, a prisoner incarcerated at Montana State Prison proceeding without counsel, filed a Complaint alleging Defendants were violating his rights under the Eighth Amendment cruel and unusual punishment clause, the Fourteenth Amendment due process clause, and the Americans with Disabilities Act by: (1) failing to protect him from harm; (2) failing to house him according to his due process rights; (3) failing to consider his mental health disability and putting others at risk; (4) neglecting his mental health; (5) showing callous disregard by implying that he should get into trouble to get what he wants; and (6) acting with deliberate indifference. (Complaint, Doc. 2 at 1-2.)

Since Mr. Lawrence is a prisoner proceeding in forma pauperis, the Court

1

reviewed his Complaint under 28 U.S.C. §§ 1915, 1915A to determine if the Complaint was frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. The Court found that Mr. Lawrence failed to state a claim but gave Mr. Lawrence an opportunity to file an amended complaint because it might have been possible to cure the defects in Mr. Lawrence's ADA and Eighth Amendment claims by the allegation of additional facts. (Doc. 8.)

Mr. Lawrence filed an Amended Complaint providing far less specific allegations and much more conclusory allegations than those in his original Complaint. (Doc. 9.) His only factual allegations in the Amended Complaint were that he was transferred to Montana State Prison on an interstate prison transfer on August 5, 2015, that his mental health disabilities and ADA status was well documented in the prison in which he was previously incarcerated, and he had been denied mental health treatment and reasonable accommodations since arriving at Montana State Prison. (Amended Complaint, Doc. 9 at 7.)

In its December 7, 2018 Order, the Court found that the Amended Complaint contained insufficient factual allegations and made only conclusory allegations that Mr. Lawrence had been denied his ADA rights and denied mental health treatment. (Doc. 9.) Further the Court found that Mr. Lawrence made no

factual allegations in his Amended Complaint regarding what actions any of the named defendants may have taken. Thus, the Court found that Mr. Lawrence's conclusory statements that the named defendants denied him mental health treatment and his rights under the ADA (Doc. 9 at 7) were insufficient.

Out of an abundance of caution, the Court allowed Mr. Lawrence an opportunity to file a second amended complaint regarding his claims. (Doc. 11.) On February 21, 2019, the Court granted Mr. Lawrence an extension of time until April 5, 2019 to file his second amended complaint. (Doc. 15.) He has not done so.

Accordingly, for the reasons set forth in the Court's Orders dated August 1, 2018 and December 7, 2018 (Docs. 8, 11), the Court finds that Mr. Lawrence has failed to state a federal claim upon which relief may be granted, and therefore issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaints lack arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lawrence may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of April, 2019.

                                           */s/ John Johnston*
                                           John Johnston
                                           United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Lawrence is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.